Exhibit A

| | DATE FILED: June 20, 2018 3:02 PM<br>FILING ID: FD27579B3E85A<br>CASE NUMBER: 2018CV31463 |
|---|---|
| District Court, Arapahoe County, Colorado<br>Arapahoe County Justice Center<br>7325 S. Potomac Street<br>Centennial, Colorado 80112 | |
| **DREW HESSION, individually and on behalf of all others similarly situated,**<br><br>    Plaintiff,<br><br>v.<br><br>**QUALITY CUSTOM DISTRIBUTION SERVICES, INC., a Delaware Corporation,**<br><br>    **Defendant.** | COURT USE ONLY |
| David H. Miller, Atty Reg. 8405<br>Adam M. Harrison, Atty Reg. 50553<br>THE SAWAYA & MILLER LAW FIRM<br>1600 Ogden Street<br>Denver, Colorado 80218<br>Telephone: (303) 839-1650<br>Facsimile : (720) 235-4380<br>DMiller@sawayalaw.com<br>AHarrison@sawayalaw.com | Case No:<br><br>Division: |
| **INDIVIDUAL AND CLASS ACTION COMPLAINT** | |

    COMES NOW the Plaintiff, Drew Hession ("Hession"), individually and on behalf of all others similarly situated, by and through the undersigned counsel from the Sawaya & Miller Law Firm, and as his Individual and Class Action Complaint against the Defendant, Quality Custom Distribution Services, Inc., a Delaware Corporation ("QCD"), states as follows:

### I.   INTRODUCTION

1.   Drew Hession was employed by QCD as a warehouse worker from November 2017 to April 2018. Throughout his employment, Hession and dozens of employees on his team ("the Class Members") regularly worked more than 12 hours per shift. QCD nevertheless failed to pay Hession and the Class Members overtime compensation for

the hours they worked in excess of 12 per day/per shift. In doing so, QCD violated Article XVIII § 15 of the Colorado Constitution, the Colorado Wage Act, C.R.S. § 8-4-101 et seq., and the applicable Colorado Minimum Wage Orders, 7 C.C.R. 1103-1 ("Colorado Wage and Hour Law"). QCD also breached its oral and written contracts with Hession and the Class Members.

2. In addition, QCD failed to provide Hession and the Class Members with paid rest periods mandated by Colorado Wage and Hour Law. 7 C.C.R. 1103-1:8.

3. Hession brings this action individually and as a class action pursuant to C.R.C.P. 23 to obtain actual damages, back wages, statutory damages and penalties, reasonable attorney's fees and costs for himself and the Class Members.

## II.   JURISDICTION AND VENUE

4. This Court has jurisdiction over this civil action pursuant to Article 6 § 9(1) of the Colorado Constitution and C.R.S. § 13-1-124 because Hession's and the Class Members' claims arise under Colorado law and out of the Defendant's transaction of business within this State.

5. Venue is proper under C.R.C.P. 98(c) because QCD's registered agent in Colorado is located within this District.

## III.   PARTIES

6. Plaintiff, Drew Hession, is over the age of eighteen and is a resident of Adams County, Colorado. His address for mailing and service in this case is the Sawaya & Miller Law Firm, 1600 Ogden Street, Denver, Colorado 80218.

7. Defendant, QCD is a Delaware Corporation that is primarily engaged in food distribution. On information and belief, QCD is owned by Golden State Foods Corporation ("GSF"), a food distribution company that has sales of over 6 billion dollars each year. The headquarters of QCD and GSF are located at 18301 Von Karman Avenue, Suite 1100, Irvine, California 92612. The registered agent for both companies is located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

## IV.   FACTUAL ALLEGATIONS

### A. GENERAL ALLEGATIONS

8. QCD is a Delaware Company that stores and distributes fresh food to restaurants and other businesses.

9. QCD is a licensed and/or permitted business involved in the Colorado food industry.

10. Hession was hired by QCD to work as an Order Selector/ Fork Lift Operator at the QCD facility in Aurora, Colorado in November 2017.

11. Hession and the other employees on his team, i.e. the Class Members, were all warehouse workers whose duties involved selecting and organizing goods from the warehouse and taking such goods to the QCD employees who loaded them onto trucks during various times of the day and night.

12. At all times relevant to this Complaint, Hession and the Class Members were hourly employees.

13. Hession's regular rate of pay was $17.00 per hour.

14. At all times relevant to this Complaint, QCD had a policy of practice of paying Hession and the Class Members their regular rates of pay (instead of overtime compensation of one and one-half times their regular rates of pay) for all hours worked in excess of 12 per day or 12 hours per shift that were not in excess of 40 per week.

15. During every, or nearly every week of his employment, Hession worked approximately 3.5 overtime hours prior to exceeding 40 per week.

16. In total, Hession worked at least 75.25 overtime hours for which he was not paid an overtime premium of one and one-half times his regular rate of pay. He was compensated for all such hours at his regular rate.

17. Throughout his employment, Hession observed that the other Class Members worked similar amounts of overtime for which they were not paid an overtime premium.

18. Also at all times relevant to this Complaint, QCD had a policy or practice of not providing Hession and the Class Members with paid rest breaks for every four hours, or major fractions thereof, that they worked.

19. Hession resigned his employment with QCD in April 2018.

20. On May 29, 2018, Hession sent a letter to QCD, through its registered agent, demanding immediate payment of the overtime compensation due to him, which was at least $639.63, and further demanding that QCD immediately pay the other Class Members the overtime compensation due to them.

21. QCD did not respond to Hession's letter or pay Hession or the Class Members the overtime compensation due to them.

### B. CLASS ALLEGATIONS

22. Hession brings this case individually and as a class action pursuant to Rule 23 of the Colorado Rules of Civil Procedure on behalf of all members of the following Class:

> **All warehouse workers employed by QCD between June 20, 2015 and the present who worked more than 12 hours on any day or during any shift during that period and/or were not granted paid rest breaks as mandated by Colorado state law.**

23. This action is properly brought as a class action under Rule 23 because the proposed Class satisfies the Rule's requirements for numerosity, commonality, typicality, and adequacy:

### Numerosity

24. The Class is so numerous that joinder of all members is impracticable. On information and belief, QCD has employed several dozens of warehouse workers during the period from June 20, 2015 and the present.

### Commonality

25. There are questions of law and fact that are common to the Class, which questions predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

   a. Whether QCD is an "employer" covered by Colorado Wage and Hour Law;

   b. Whether Hession and the Class Members are "employees" subject to the protections of Colorado Wage and Hour Law;

   c. Whether QCD had a policy or practice of paying the Class Members their regular rates of pay for hours worked in excess of 12 per day or per shift that were not in excess of 40 per week;

   d. Whether QCD had a policy or practice of not providing the Class Members with paid rest breaks for every four hours, or major fractions thereof, that they worked;

   e. Whether under Colorado Wage and Hour Law the Class Members were entitled to overtime compensation for the hours they worked in excess of 12 per day or per shift;

   f. Whether under Colorado Wage and Hour Law the Class Members were entitled to paid rest periods for every four hours, or major fractions thereof, that they worked;

   g. Whether QCD was aware of the requirements of Colorado Wage and Hour Law, and its violations thereof were therefore willful;

    h.  Whether QCD breached its employment contracts with Hession and the Class Members by failing to pay overtime compensation and failing to provide paid rest periods; and

    i.  Whether, and to what extent, the Class Members were harmed by QCD.

### Typicality

26.    Hession's claims are typical of the claims of the Class, and the defenses QCD will raise to such claims are likely to be the same as to all Class Members. Like all of the Class Members, Hession was paid his regular rate of pay for overtime hours worked in excess of 12 per shift, and was not provided with paid rest periods.

### Adequacy

27.    Hession will fairly and adequately protect the interests of the Class. He has retained the undersigned counsel from the Sawaya & Miller Law Firm, which are counsel that are experienced in class action litigation and wage and hour law. Hession and his counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Class. Moreover, Hession and his counsel have adequate resources to assure that the interests of the Class will not be harmed.

### Superiority of Class Action

28.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for QCD, or adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interest.

29.    QCD has acted or refused to act on grounds generally applicable to the Class. As such, final injunctive relief or corresponding declaratory relief with respect to the Class as a whole would be appropriate.

30.    On information and belief, no member of the Class has expressed any interest in controlling the prosecution of a separate action and no litigation concerning the subject matter of this action has been commenced by any other member of the Class.

//

//

## COUNT I:

### FAILURE TO PAY OVERTIME COMPENSATION

**Colo. Const. Art. XVIII § 15**
**C.R.S. § 8-4-101 et seq.**
**7 C.R.S. 1103-1:3**

31. Hession incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

32. At all times relevant to this Complaint, QCD was an "employer" covered by Colorado Wage and Hour Law. C.R.S. § 8-4-101(6); 7 C.C.R. § 1103-1:2.

33. At all times relevant to this Complaint, Hession and the Class Members were "employees" subject to the protections of Colorado Wage and Hour Law. C.R.S. § 8-4-101(5); 7 C.C.R. § 1103-1:2.

34. Colorado Wage and Hour Law requires employers to pay their employees overtime compensation of one and one-half times the employees' regular rate of pay for: (A) all hours worked in excess of 40 per week; (B) all hours worked in excess of 12 per day; and (C) all hours worked in excess of 12 per shift. 7 C.C.R. 1103-1:4.

35. At all times relevant to this Complaint, QCD had a policy or practice of paying Hession and the Class Members their regular rates of pay for hours worked in excess of 12 per day, or 12 per shift, that were not in excess of 40 per week.

36. Hession and the Class Members routinely worked hours in excess of 12 per day or 12 per shift that were not in excess of 40 per week. Specifically, Hession was not paid overtime for at least 3.5 hours during each week of his employment.

37. QCD paid Hession and the Class Members their regular rates of pay for such hours, in violation of Colorado Wage and Hour Law.

38. QCD currently owes Hession at least $639.63 in overtime compensation, and owes the other Class Members similar amounts based on their wage rates and the number of months each Class Member was employed.

39. Hession sent a demand to QCD on behalf of himself and the Class Members requesting that QCD pay them the overtime compensation due. QCD did not respond to the letter, however, or pay Hession and the Class Members their overtime compensation. QCD is therefore subject to penalties under C.R.S. § 8-4-109.

40. On information and belief, QCD was advised by competent attorneys and human resources professionals at all times relevant to this Complaint, but nevertheless failed to

pay Hession and the Class Members overtime compensation mandated by Colorado Wage and Hour Law. QCD's violations were therefore willful.

## COUNT II:

## FAILURE TO PROVIDE PAID REST PERIODS

## C.C.R. 1103-1:8

41.     Hession incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

42.     Colorado Wage and Hour Law requires an employer to provide an employee with paid rest periods for every four hours, or major fractions thereof, that the employee works. 7 C.C.R. 1103-1:8.

43.     At all times relevant to this Complaint, QCD had a policy or practice of not providing paid rest periods to its employees in the warehouse, which policy or practice violated Colorado Wage and Hour Law.

44.     As a result of QCD's policy or practice, Hession and the Class Members effectively provided the equivalent of 20 minutes of work to QCD without additional compensation.

45.     On information and belief, QCD was advised by competent attorneys and human resources professionals at all times relevant to this Complaint, but nevertheless failed to provide Hession and the Class Members with paid rest periods mandated by Colorado Wage and Hour Law. QCD's violations were therefore willful

## COUNT III:

## BREACH OF CONTRACT

46.     Hession incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

47.     QCD had binding employment contracts with Hession and the Class Members, which contracts were either written, oral, implied, or a combination of written, oral and implied. Under these employment contracts, employees agreed to provide QCD with their labor and in exchange, QCD agreed to pay wages in accordance with Colorado Wage and Hour Law.

48.     Hession and the Class Members performed under their employment contracts by providing their labor to QCD.

49. QCD breached its employment contracts by failing to pay Hession and the Class Members overtime compensation for the hours they worked in excess of 12 per day or 12 per shift, and by failing to provide Hession and the Class Members with paid rest periods.

50. QCD's breach of its employment contracts with Hession and the Class Members caused Hession and the Class Members to suffer harm.

## V.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully asks the Court to enter judgment against the Defendant, and award the Plaintiff and the Class Members:

A. Actual damages, consisting of unpaid wages;

B. A declaratory judgment that Defendant's failure to properly pay overtime premiums and its failure to properly pay for rest breaks violated Colorado law.

C. Unpaid overtime premiums representing one-half their regular rates of pay for all hours worked in excess of 12 per day or 12 per shift that were not in excess of 40 per week;

D. Unpaid wages for all paid rest periods that were not provided by QCD;

E. Statutory penalties under C.R.S. § 8-4-109 of one hundred twenty-five percent of the wages awarded, increased by fifty percent based on Defendant's willful violations of Colorado Wage and Hour Law;

F. The Plaintiff's reasonable attorney's fees and costs; and

G. Any other and further relief that may be equitable and just.

Respectfully submitted,

*/s/ Adam M. Harrison*

_____

David H. Miller
Adam M. Harrison
THE SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, Colorado 80218
Phone: 303.551.7691
Fax: 303.832.7102
E-mail: dmiller@sawayalaw.com
aharrison@sawayalaw.com

*Attorneys for Plaintiff Drew Hession, Individually and on behalf of all others similarly situated*