IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-01867-RBJ

DREW HESSION, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

QUALITY CUSTOM DISTRIBUTION SERVICES, INC., a Delaware corporation,

    Defendant.

## ORDER to REMAND

Plaintiff moves to remand this case to state court, arguing that defendant has not established that the matter in controversy exceeds $75,000, and therefore, this Court does not have diversity jurisdiction. Given the posture of the case as plaintiff has set it up, I must agree.

### BACKGROUND

Drew Hession was employed by Quality Custom Distribution Services, Inc. ("QCD") as a warehouse worker from November 2017 to April 2018. He alleges that he and "dozens" of employees on his team regularly worked more than 12 hours per shift, but that QCD did not pay them for all the time he and the others worked and did not pay them overtime compensation required by Colorado law. He filed this suit in the Arapahoe County District Court on June 20, 2018 on behalf of himself and all others similarly situated. QCD removed the case to this Court, invoking federal jurisdiction on grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332. ECF No. 1.

1

Plaintiff does not dispute that there is diversity of citizenship between him and QCD. However, plaintiff insists that the amount in controversy now, i.e., claimed by him individually, does not exceed the sum or value of $75,000 as required by 28 U.S.C. § 1332(a). QCD disagrees. In its Notice of Removal it reasoned as follows:

- Mr. Hession is seeking unpaid wages for hours he worked during "rest breaks." QCD assumes 20 minutes per day, so it calculates the part of his alleged damages by taking one-third of his hourly rate of $17.00 per hour ($5.67), times five days a week, times the 22 weeks that he worked at QCD. Total: $623.70.

- Unpaid overtime at one-half of the regularly rate for the 75.25 hours of his hours that plaintiff claims to be overtime hours. Total: $639.63.

- Statutory penalties under Colo. Rev. Stat. § 8-4-109 of 125% of the wages awarded (125% times $1,263.33 = $1,579.16) increased by 50%. Total: $2,368.74.

- So far that only adds up to $3,632.07 for Mr. Hession. But the kicker is attorney's fees. OCD asserts that plaintiff's reasonable attorney's fees "will easily exceed $75,000." QCD's counsel explains that they plan to depose at least 11 people, which they assume will require plaintiff's counsel to spend four hours of deposition time plus two hours of preparation time for each deposition. They further assume that plaintiff's counsel will want to depose at least three people at six hours each. Also, each deponent will produce voluminous documents requiring at least eight hours of analysis per person. And plaintiff's counsel will spend an estimated five hours responding to written discovery. All this adds up to 117 hours of plaintiff's counsel's time just for discovery. In addition, QCD will file a motion for summary judgment, and its counsel believe that it should take

- plaintiff's counsel 25 hours to respond. They assume that plaintiff's counsel will spend 40 hours preparing for and trying a three-day jury trial. All of this adds up to at least 266 hours of time spent by plaintiff's counsel, to which OCD assigns an hourly rate of $400. Therefore, when all the dust settles, plaintiff's attorney's fees will be an estimated $106,400.
- Therefore, adding its estimate of plaintiff's attorney's fees to the $3,600 estimated damages for Mr. Hession, QCD arrives at a grand total amount in controversy of $110,032.07.

*See* Defendant's Notice of Removal, ECF No. 1, at 3-6.

Not so fast, responds the plaintiff. Plaintiff notes that such an attorney's fee would be approximately 30 times the estimated damages and would not be remotely proportional to the estimated damages. Motion to Remand, ECF No. 18, at 5-6. Plaintiff notes that his case at this point is simply an individual action with a prayer for class action certification that has not been ruled on, and that as such, there is no possibility that Mr. Hession's individual damages plus reasonable attorney's fees could reach $75,000.

## CONCLUSIONS

I agree that this Court does not, at this time, have subject matter jurisdiction. I agree that this Court would not consider awarding attorney's fees in the range of defendant's estimates on the type and size of Mr. Hession's individual claim. Even if I were to include taxable costs and pre-judgment interest, an award exceeding $75,000 on his individual claim would not be reasonable. Nor would this Court permit the discovery envisioned by the defendant for an individual claim of $3,600 in unpaid wages and overtime, as that level of discovery would be

3

grossly disproportionate to the size of the claim. Moreover, I interpret plaintiff's statements in the motion to remand and reply brief as implicit if not explicit representations that they would not request an attorney's fee that would cause the amount in controversy to exceed $75,000.

The elephant in the room, of course, is that plaintiff hopes to get a class certified on behalf of the purported "dozens" of workers whom they claim to have be similarly situated. If a class were certified, then it might be that the amount in controversy would exceed $75,000. At that point, if the addition of class members has not destroyed diversity, the defendant could potentially be in a position to try removal again. That, however, is a question for another day. At this point I find that QCD has not established a basis for federal jurisdiction.

## ORDER

Plaintiff's motion to remand, ECF No. 18, is GRANTED. The case is remanded to the Arapahoe County District Court. The defendant's motion to dismiss, or in the alternative, to stay proceedings and compel arbitration, ECF NO. 13, is DENIED AS MOOT.

DATED this 2nd day of November, 2018.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge